Paul BARRON Sr. *v.* STATE of Arkansas

CR 06-506                                     243 S.W.3d 325

Supreme Court of Arkansas
Opinion delivered November 16, 2006

*Phillip Moon*, for appellant.

No response.

PER CURIAM. Attorney Phillip Moon represented Appellant Paul Barron, Sr., at the trial below, wherein he was convicted on January 8, 2002, of manufacturing a controlled substance, methamphetamine. Mr. Moon filed a notice of appeal on January 18, 2002, but failed to perfect the appeal. On May 9, 2006, Barron, proceeding pro se, filed a motion for rule on the clerk, requesting that we compel Mr. Moon to perfect his appeal. We granted Barron's motion for rule on the clerk and directed Mr. Moon to file a petition for writ of certiorari within thirty days to call up the entire record, or the portion of the record necessary for appeal. *See Barron v. State*, CR 06-506 (Ark. June 1, 2006) (per curiam).

Accordingly, on January 30, 2006, Mr. Moon filed a petition for writ of certiorari to complete the record. In that petition, Mr. Moon asserted that Barron had discharged him as his attorney and had authorized a "friend" to obtain his entire file concerning the proceedings in Carroll County Circuit Court. Mr. Moon further asserted that he was thereby released from any further obligations regarding Barron's appeal. In fact, Mr. Moon stated that he did not fail in any duty to Barron because Barron had terminated him as

Barron's attorney. We denied the writ of certiorari, and ordered Mr. Moon to withdraw as counsel according to our procedures set forth in Rule 16 of the Rules of Appellate Procedure – Criminal. *See Barron v. State*, 367 Ark. 314, 239 S.W.3d 480 (2006) (per curiam).

Now, Mr. Moon has filed a motion to withdraw as counsel, but, in doing so, he has again failed to comply with Ark. R. App. P. – Crim. 16 (2006). Specifically, Rule 16(a) provides, in pertinent part, that trial counsel, whether retained or court appointed, *"shall* continue to represent a convicted defendant throughout any appeal . . . , unless permitted by the trial court or the appellate court to withdraw *in the interest of justice or for other sufficient cause."* (Emphasis added.) In his motion to withdraw, Mr. Moon simply states:

> WHEREFORE, Phillip A. Moon, Attorney at Law, prays that he be permitted to withdraw as attorney of record for appellant, Paul Barron, Sr., and that he be discharged of any further obligation to appellant in this proceeding, that this Court enter an appropriate order granting this Motion to Withdraw, and for any and all other proper relief which he may show himself entitled, or which this Court may grant or deem proper.

This language does not offer any explanation of why sufficient cause exists to warrant Mr. Moon's being relieved of his appellate duties. Without such an explanation, Mr. Moon has again failed to comply with Ark. R. App. P. – Crim. 16(a). We therefore deny his motion to withdraw, but we issue a writ of certiorari to bring up, within thirty days, the entire record, or that portion of it that is necessary for an appeal to this court.